UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Respondent. | Civil Action No. 16-5525 (FLW)<br><br><br>MEMORANDUM AND ORDER |

*Pro se* Petitioner Antonio Williams, a prisoner confined at East Jersey State Prison, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014). Instead, Petitioner submitted the form to be used for habeas petitions filed pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1.) In addition, Petitioner has not signed his habeas petition. (*See id.*, Pet. at 10.) The Court will therefore administratively terminate this case at this time, and instruct the Clerk of the Court to send Petitioner the correct form. Petitioner shall submit his signed Petition on the proper form within 30 days of his receipt of this Court's Order.

Petitioner also appears to acknowledge in his Petition that he has not exhausted his state court remedies. (*See id.*, Pet. at 3-4.) Prior to reviewing the merits of federal claims in a § 2254 petition, a district court is required to consider the issue of exhaustion. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); 28 U.S.C. §

1

2254(b)(1)(A), (b)(1)(B).  Section 2254(b) provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert*, 134 F.3d at 513; *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  "Thus, ... if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." *Lambert*, 134 F.3d at 513-14.

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," <u>including a petition for discretionary review before the State's highest court.</u> *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To exhaust a ground, a petitioner in the custody of the State of New Jersey must fairly present it as a federal ground to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court.  *See Toulson*, 987 F.2d at 987-89.  "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F. 3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).

Here, Plaintiff appears to acknowledge that he did not file a petition for certification to the New Jersey Supreme Court with respect to the issues raised his petition for post-conviction relief. ("PCR"). (*See* ECF No. 1, Pet. at 3-4.) He appears to contend that his attorney declined to file the petition for certification with respect to the denial of his PCR.[1] (*See id.*)

Petitioner's current petition appears to be a "mixed" petition. In *Rhines*, *supra*, the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, *Rhines*, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1–year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275; *see also Floyd v. Ricci*, No. CIV 09-5338 (PGS), 2010 WL 2836611, at *2 (D.N.J. July 8, 2010) (explaining same). When Petitioner resubmits his Petition on the

---

[1] It is not clear whether Petitioner exhausted claims related to his direct appeal.

correct form, he should inform the Court as to whether his Petition includes any unexhausted claims and whether he seeks a stay so that he may go back to state court to exhaust those unexhausted claims. If Petitioner seeks a stay, he should also provide facts showing (1) that he had good cause for his failure to exhaust, (2) that his unexhausted claims are potentially meritorious, and (3) that there is no indication that he engaged in intentionally dilatory litigation tactics.

THEREFORE, it is on this 2nd day of November, 2016;

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse,

402 East State Street, Trenton, NJ 08608, within 30 days of the date of his receipt of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that Petitioner shall also inform the Court as to whether his Petition contains any unexhausted claims and whether he seeks a stay so that he may go back to state court to exhaust those unexhausted claims; if Petitioner seeks a stay, he should also provide facts showing (1) that he had good cause for his failure to exhaust, (2) that his unexhausted claims are potentially meritorious, and (3) that there is no indication that he engaged in intentionally dilatory litigation tactics; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge